Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50170 | **DATE** | 6/18/2003 |
| **CASE TITLE** | WALKER vs. UNITED STATES POSTAL SERVICE, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the USPS' motion to dismiss Count IV of the second amended complaint is granted; however, emotional distress is made part of Walker's damage claim in Count I.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUN 19 2003 | 40 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 6-18-03 | |
| | | 03 JUN 18 PM 1:53 | date mailed notice |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | SW mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Edward Walker, is a former employee of the defendant United States Postal Service ("USPS"). In November 2000, Walker informed the USPS that he had pled guilty to selling fireworks without a federal license, was sentenced to seven months incarceration, and would need those seven months off from work sometime in 2001. In December 2000, Walker told his union, the National Rural Letter Carriers' Association ("Union") about his impending incarceration. The Union's Illinois state steward, Steven Traylor, instructed Walker to fill out a request for leave slip, for advance leave without pay. Traylor further instructed Walker to state that he wanted the time off to take college courses and not talk to the USPS about his request for leave, because, due to the guilty plea, the USPS wanted to terminate Walker. Although Walker claims to have questioned this advice, on his request for leave he did state that he planned to take college courses. In December 2000, Walker's first request for leave without pay was denied. The Union instructed him to submit a second request, again stating that he wanted to take college courses. This second request was also denied. When Walker, due to his incarceration, failed to report to work in January 2001, he was terminated by the USPS.

On January 28, 2002, an arbitration panel addressed the matter of Walker's request for leave without pay. Although the panel found the blanket disapproval of Walker's request for leave improper, it could not rule on this issue since the Union failed to file a grievance contesting the denial of leave. Thereafter, Walker filed a complaint in this court alleging breach of contract by the USPS and breach of duty of fair representation by the Union. He also alleged intentional infliction of emotional distress ("IIED") by both defendants. The USPS moved to dismiss the IIED claim in Count IV for lack of subject matter jurisdiction, based on the fact that as a federal employee, Walker's only means of recovery was under the Federal Employees Compensation Act ("FECA"). Since it is unclear whether emotional distress qualifies as an injury under FECA, this Court requested each party submit a brief addressing the issue of whether this proceeding should be abated pending a determination on the injury question by the Secretary of Labor.

FECA is a federal employee's "exclusive avenue of redress against the Government for work-related injuries." Ezekiel v. Michel, 66 F.3d 894, 898 (7th Cir. 1995) (citing to 5 U.S.C. § 8101, *et seq.*); see also Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 194 (1983) ("In enacting [FECA], Congress adopted the principal compromise . . . commonly associated with workers' compensation legislation: employees are guaranteed the right to receive immediate fixed benefits, regardless of fault and without the need for litigation, but in return, they lose the right to sue the Government"). If a federal employee suffers a work-related injury, the Secretary of Labor decides whether recovery is proper. Ezekiel at 898. The Secretary's decision is not subject to review by a court of law. Id.

Whether emotional distress qualifies as an injury under the FECA is an unsettled question. See Tippetts v. United States, 308 F.3d 1091, 1094-95 (10th Cir. 2002) (listing the authority both for and against considering emotional distress an "injury" under FECA); Bennett v. Barnett, 210 F.3d 272, 277 (5th Cir. 2000) ("[t]he district court considered the issue of whether a substantial question existed as to 'whether plaintiffs' claims of emotional distress are within the coverage of the FECA.' Federal courts are divided on this question.").

This court need not decide whether Walker's claim would be covered by FECA, since he has made it exceptionally clear that he includes the IIED claim as part of the damages under the breach of contract claim against the USPS, not as an individual tort claim: "[FECA] and the Federal Tort Claims Act do not apply in this case. Walker is not seeking compensation nor is he alleging an independent tort action. Rather, Mr. Walker's claim in Count IV flows from USPS' breach of contract when [Walker] received a wrongful independent arbitration review." (Pl. Resp. to Def. USPS' Motion to Dismiss Count IV of Second Amended Complaint, p. 1) Consequently, it is unnecessary to submit the claim to the Secretary of Labor or make an independent determination on whether Walker's claim is covered by FECA. Walker is pursuing the IIED claim simply as a part of his damages from the USPS' alleged breach of Section 301 of the National Labor Relations Act, 29 U.S.C. § 185, not as an independent tort claim against the Government. Walker may proceed with the IIED claim as part of his damages. However, at this time, this Court does not decide whether compensation for emotional distress is a permissible remedy under Section 301, as that issue has not been directly briefed by the parties. It may be raised as a motion in limine prior to trial.

For the foregoing reasons, the USPS' motion to dismiss Count IV of the Second Amended Complaint is granted; however emotional distress is made part of Walker's damage claim in Count I.